IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Washington Field Office
131 M Street, N.E., Ste. 4NW02F
Washington, DC 20507

Plaintiff,

v.

SOL MEXICAN GRILL LLC,
1251 H St, N.E.,
Washington, DC 20002

SOL MEXICAN GRILL TWO LLC.
1251 H St, N.E.,
Washington, DC 20002

Defendants.

CIVIL ACTION NO.__________

**COMPLAINT**

JURY TRIAL DEMANDED

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to former employees Johanna Cruz-Gomez ("Cruz-Gomez"), Carolina Rodriguez ("Rodriguez"), and other similarly situated female employees, including but not limited to Glenda Elena Leiva ("Leiva"), who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendants Sol Mexican Grill, LLC and Sol Mexican Grill Two, LLC ("Defendants" or "Sol") unlawfully subjected Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, to a hostile work

environment because of their sex (female). EEOC further alleges that Defendants subjected Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, to adverse alterations in the terms or conditions of their employment because of their sex (female) and in retaliation for opposing Defendants' unlawful employment practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is authorized pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the U.S. District Court for the District of Columbia under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1319(b) because the alleged unlawful employment practices were committed in the District of Columbia.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant Sol Mexican Grill, LLC, is a limited liability company formed in the District of Columbia that owns and/or operates restaurants and food trucks in the District of Columbia.

5. Defendant Sol Mexican Grill Two, LLC, is a limited liability company formed in the District of Columbia that owns and/or operates restaurants and food trucks in the District of Columbia.

6. At all relevant times, Defendants have continuously been doing business in Washington, DC and have continuously had at least 15 employees.

7. Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations.

8. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Cruz-Gomez and Rodriguez filed charges of discrimination with the Commission alleging that Defendants violated Title VII by subjecting them and a class of female employees to discrimination because of their sex (female) and subjecting them to retaliation for opposing unlawful employment practices.

10. On July 3, 2018, the Commission issued to Defendants two Letters of Determination finding reasonable cause to believe that it violated Title VII by subjecting Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, to harassment based on their sex and retaliation. The letters also invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The EEOC engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the two Letters of Determination.

12. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

13. On July 23, 2018, the Commission issued to Defendants two Notices of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

***Johanna Cruz-Gomez***

15. Cruz-Gomez, a female, was hired by Defendants as a food preparer at its restaurant located at 1251 H Street, NE, Washington, D.C. ("H Street Restaurant") in or around April 2016.

16. Cruz-Gomez was supervised by Manager Maycol Salina ("Salina"), who had authority to make, recommend, and influence tangible employment actions, including but not limited to, hiring, scheduling, work assignments, shift assignments, discipline, and termination.

17. Beginning shortly after Cruz-Gomez was hired, and continuing through her termination in or around June 2017, Defendants subjected Cruz-Gomez to unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

a) Throughout Cruz-Gomez' employment, Salina regularly made unwelcome sexual comments and propositions to Cruz-Gomez, including offering to pay her in exchange for sexual intercourse, and telling her all women liked to be touched.

b) Throughout Cruz-Gomez' employment, Salina regularly grabbed and slapped her buttocks.

c) On one occasion, Salina grabbed Cruz-Gomez from behind while she was in a stairway, refused to release her, and caused her to fall down a flight of steps and injure herself.

d) On another occasion, Salina cornered Cruz-Gomez while she worked in the walk-in freezer and grabbed and pressed against her breasts.

e) On another occasion, Salina cornered Cruz-Gomez while she worked in the walk-in freezer, tried to touch her, and caused her to fall against a metal shelf and hit her head.

f) Throughout her employment, Cruz-Gomez opposed Salina's advances, to no avail.

g) Throughout her employment, Cruz-Gomez repeatedly reported Salina's behavior to Defendants' co-owner Fernando Postigo, who told her, at various times, that Salina was just being a man, that his actions were not a big deal, and that if she did not like it she could leave.

h) In the late spring of 2017, following the incident with Salina during which Cruz-Gomez hit her head on the metal shelf, Cruz-Gomez again complained about Salina to Fernando Postigo, threatening to make a police report. Postigo once again made light of her allegations and refused to remedy the situation with Salina.

i) After Cruz-Gomez threatened to report Salina to the police, Salina began to arbitrarily find fault with Cruz-Gomez' work.

j) In June 2017, approximately two weeks after Cruz-Gomez threatened to report Salina to the police, Fernando Postigo informed Cruz Gomez that her employment was terminated because she was no longer needed. Defendants immediately replaced Cruz-Gomez with Carolina Rodriguez.

k) Following Cruz-Gomez' termination, upon learning of her EEOC charge, Salina threatened Cruz-Gomez and her children with violence.

***Glenda Elena Leiva***

18. Leiva, a female, was hired by Defendants as a food preparer at its H Street Restaurant in or around September 2016.

19. Leiva was supervised by Manager Salina who had authority to make, recommend, and influence tangible employment actions, including but not limited to, hiring, scheduling, work assignments, shift assignments, discipline, and termination.

20. Beginning in or around September 2016, through in or around April 2017, Defendants subjected Leiva to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

a) Beginning a few days after Leiva was hired and continuing until in or around April 2017, when Leiva was transferred away from the H Street Restaurant, Salina regularly made unwelcome sexual comments and propositions to her, including offering to pay her in exchange for sexual intercourse and telling her that he fires women who refuse to sleep with him. Leiva consistently rejected Salina's advances.

b) In or around September 2016, shortly after Leiva first rejected Salina's advances, Salina removed her from the schedule.

c) Leiva reported to manager Claudia Duran that Salina had removed her from the schedule because she refused to sleep with him. Duran, who placed Leiva back on the schedule, told Leiva to ignore Salina.

d) During one late-night shift, around 3 a.m., Salina approached Leiva in an outdoor area behind the restaurant, grabbed her hand, and forced her to touch his penis while telling her that he had ejaculated.

e) On at least two other occasions, Salina texted Leiva pictures of his genitalia and asked her to send him pictures of herself naked.

f) Throughout these incidents, Leiva opposed Salina's advances and made it clear to him that she considered his conduct to be highly offensive and inappropriate.

g) From around November 2016 through around April 2017, Salina regularly complained to Leiva about the fact that she wouldn't sleep with him.

h) In or around April 2017, Defendants re-assigned Leiva to work on Defendants' food trucks. In or around May 2017, Fernando Positigo told her that she was no longer needed because Salina was taking over her duties.

i) Leiva was out of work for roughly five months, and in November 2017, she was hired at Defendants' George Washington University restaurant located at 2121 H St. NW, Washington, D.C. ("GWU restaurant"), a location where Salina did not work.

j) In or around January 2018, when Defendant was responding to Cruz-Gomez' and Rodriguez' EEOC charges, co-owner Julio Postigo presented employees at the GWU restaurant with a "harassment policy." After Leiva was given the "policy" she told Julio Postigo that she had been subjected to harassment by Salina while she worked at the H Street Restaurant.

k) Shortly after Leiva reported the harassment, Julio Postigo reduced her hours from 40 to roughly 30-32 hours per week.

l) Around July 2018, after the EEOC had made a class finding in its Letters of Determination, Defendants reduced Leiva's hours again, to roughly 20 hours per week.

m) Starting in or around August 2018, Defendants have refused to schedule Leiva for any work hours.

***Carolina Rodriguez***

21. Rodriguez, a female, was hired by Defendants as a food preparer at its H Street Restaurant, in or around June 2017.

22. Rodriguez was supervised by Manager Salina who had authority to make, recommend, and influence tangible employment actions, including but not limited to, hiring, scheduling, work assignments, shift assignments, discipline, and termination.

23. Beginning in or around June 2017, through her termination in or around November 2017, Defendants subjected Rodriguez to a continuing course of unwelcome and offensive harassment because of her sex (female), including but not limited to the following conduct:

a) Beginning a few days after Rodriguez' start date in June 2017, Salina regularly made unwelcome sexual comments and propositions to Rodriguez, including asking her to have sexual intercourse with him.

b) On several occasions, Salina followed Rodriguez to the walk-in freezer and leered at her from the entrance.

c) On another occasion, Salina grabbed Rodriguez in a stairwell, touched her breasts, and tried to kiss her.

d) On another occasion, while Rodriguez was leaving work, Salina grabbed her hand, pulled her close to him, and tried to kiss her.

e) Around August 2017, as Rodriguez was commuting home from work, Salina texted her that she should do as he instructed if she wanted to keep her job. Salina then retrieved Rodriguez and took her to a motel, where he coerced her to have sexual intercourse with him.

f) From around August 2017 through her termination, Salina repeatedly suggested that Rodriguez return with him to the motel. Rodriguez opposed these advances.

g) Following Rodriguez' rejection of Salina's advances, Salina increased her workload, subjected her to heightened scrutiny, and administered unwarranted discipline.

h) In or around November 2017, Salina told Rodriguez not to come into work because it was "too quiet," and that same week, she was terminated.

## CAUSES OF ACTION

### COUNT I: Hostile Work Environment Because of Sex

24. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 15 through 23.

25. Defendants subjected Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of their sex (female).

26. The discriminatory practices described above were unwelcome; based on sex; unreasonably interfered with the plaintiffs' work performance or created an intimidating, hostile, and offensive working environment; and were sufficiently severe or pervasive, both objectively and subjectively, to alter the terms and conditions of employment for Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva.

27. Defendants are vicariously liable for the harassing conduct of its supervisor, Maycol Salina.

28. The effect of the practices complained of in Paragraphs 15 through 23, above, has

been to deprive Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

29. The unlawful employment practices described above were intentional.

30. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva.

**COUNT II – Sexual Harassment Resulting in a Tangible Employment Action**

31. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 15 through 23.

32. Defendants subjected Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by conditioning continued employment, sufficient hours, and other job benefits upon those employees' submission to Salina's unwelcome sexual advances, and by assigning inferior shifts and difficult work when they refused his advances.

33. The discriminatory practices described above resulted in adverse job consequences, including reduction of hours, more difficult shifts and job assignments, and ultimately, job loss.

34. Defendants are liable for this harassment, as they entrusted Salina to make, recommend, and influence tangible employment actions, including but not limited to, hiring, scheduling, work assignments, shift assignments, discipline, and termination. The effect of the practices complained of in Paragraphs 15 through 23, above, has been to deprive Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva,

of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

35. The unlawful employment practices described above were intentional.

36. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva.

**COUNT III: Retaliatory Adverse Change in Terms or Conditions of Employment**

37. EEOC repeats and incorporates by reference the factual allegations set forth in Paragraphs 15 through 23.

38. Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, engaged in protected opposition to employment practices made unlawful by Title VII by rebuffing Salina's unwanted sexual advances.

39. Cruz-Gomez and a class of similarly situated female employees, including but not limited to Leiva, engaged in protected opposition to employment practices made unlawful by Title VII, including, among other ways, by complaining to Defendants' managers and owners about the discrimination and harassment they experienced.

40. Defendants took adverse actions against Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, by (a) terminating their employment and (b) reducing Leiva's hours.

41. Defendants took adverse actions against Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, because of their protected opposition to employment practices made unlawful by Title VII.

42. Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, to retaliation for engaging in protected opposition to employment practices made unlawful by Title VII.

43. The effect of the practices complained of in Paragraphs 15 through 23, above, has been to deprive Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, of equal employment opportunities and otherwise adversely affect their status as employees because of their conduct protected under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

44. The unlawful employment practices described above were intentional.

45. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in, or failing to take prompt, effective corrective action in response to, sex-based harassing conduct and other employment practices that discriminate on the basis of sex;

B. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against any individual who engages in protected activity under Title VII, including but not limited

to individuals who report instances of sex-based harassment and discrimination or who fail or refuse to acquiesce to such conduct;

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and ensure Defendants' operations are free from sex-based harassment, sex discrimination, and retaliation, including but not limited to: (1) the institution of effective anti-harassment, discrimination, and retaliation policies; (2) the institution of effective complaint procedures; and (3) mandatory training on sex harassment/discrimination and retaliation for all managers and employees.

D. Order Defendants to make whole Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of herein, which were incurred as a result of Defendants' unlawful conduct, in amounts to be determined at trial;

E. Order Defendants to make whole Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of herein, including but not limited to emotional pain, suffering, depression, inconvenience, mental anguish, embarrassment, degradation, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

F. Order Defendants to pay Cruz-Gomez, Rodriguez, and a class of similarly situated female employees, including but not limited to Leiva, punitive damages for their malicious and reckless conduct described herein, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney

s/ Ashley M. Martin
ASHLEY M. MARTIN
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Phone: (202) 419-0749
Ashley.Martin@eeoc.gov

s/ Tanisha R. Wilburn
TANISHA R. WILBURN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Phone: (202) 419-0712

Dated: September 26, 2018