## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>       Plaintiff <br><br>    v. <br><br> SOL MEXICAN GRILL, LLC, *et al.*, <br><br>       Defendants | Civil Action No. 18-2227 (CKK) |

## MEMORANDUM OPINION
(November 12, 2019)

Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), brings this suit against Defendants, Sol Mexican Grill LLC and Sol Mexican Grill II LLC, pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC brings claims of unlawful employment practices on the basis of sex and retaliation on behalf of Claimant Johanna Cruz-Gomez, Claimant Glenda Leiva, and a class of similarly situated female employees. On June 13, 2019, in the midst of discovery, the EEOC filed an Amended Complaint removing claims which pertained to another individual claimant. Following the Amended Complaint, Defendants filed a partial Motion to Dismiss. In their Motion, Defendants argue that the claims brought on behalf of Claimant Leiva and a class of similarly situated female employees should be dismissed because the EEOC has not complied with class action requirements and because those claimants did not exhaust their administrative remedies. Defendants further argue that any claims against Sol Mexican Grill II should be dismissed because Sol Mexican Grill II was not named in Claimant Cruz-Gomez's originating charge of discrimination.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY Defendants' [35] partial Motion to Dismiss. Because the EEOC's claims are not brought by a private litigant, the EEOC was not required to comply with class action requirements and the claimants on behalf of whom the EEOC brings claims were not required to exhaust their administrative remedies. Additionally, even though Sol Mexican Grill II was not included by name in the originating charge of discrimination, it remains a proper Defendant because it had notice of the EEOC proceedings, an opportunity to participate in conciliation, and an identity of interest with the named party.

In resolving Defendants' partial Motion to Dismiss, the Court must also resolve two derivative motions. First, upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court will DENY the EEOC's [38] Motion for Leave to File a Sur-Reply. The arguments in the EEOC's Sur-Reply are not necessary to the Court's resolution of Defendants' partial Motion to Dismiss, and the EEOC faces no prejudice from a denial. Second,

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Partial Mot. to Dismiss ("Defs.' Mot."), ECF No. 35;
- EEOC's Mem. of Points and Authorities in Opp'n to Defs.' Partial Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 36; and
- Defs.' Reply to the Opp'n of the EEOC to their Mot. for Partial Dismissal ("Defs.' Reply"), ECF No. 37.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[2] The Court's consideration has focused on the following documents:
- EEOC's Mot. for Leave to File a Sur-Reply to Defs.' Reply to EEOC's Opp'n to Defs.' Partial Mot. to Dismiss ("Pl.'s Mot. for Sur-Reply"), ECF No. 38;
- Defs.' Mem. of Point and Authorities in Opp'n of the Pl.'s Mot. to File a Sur-Reply ("Defs.' Opp'n to Pl.'s Sur-Reply"), ECF No. 40; and
- EEOC's Omnibus Reply in further Support of its Mot. for Leave to File a Sur-Reply, Mot. to Strike, and Mot. to Seal ("Pl.'s Omnibus Reply"), ECF No. 42.

upon consideration of the pleadings,[3] the relevant legal authorities, and the record as a whole, the Court will GRANT the EEOC's [39] Motion to Strike and to Seal certain portions of Defendants' Reply in support of its partial Motion to Dismiss. The Court finds that Defendants' Reply and attached exhibit contain improper evidence of what was said and done during the EEOC's conciliation with Defendants. By statute, such information cannot be used as evidence in this lawsuit.

## I. BACKGROUND

For the purposes of a Motion to Dismiss, the Court accepts as true the well-pled allegations in the EEOC's Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).

The EEOC alleges that Claimant Cruz-Gomez filed a charge of discrimination with the EEOC based on sex discrimination and retaliation. Am. Compl., ECF No. 34, ¶ 9. On July 3, 2018, the EEOC issued to Defendants a Letter of Determination finding reasonable cause to believe that Defendants violated Title VII by subjecting Claimant Cruz-Gomez and a class of similarly situated female employees to sex discrimination and retaliation. The letter invited

---

[3] The Court's consideration has focused on the following documents:
- EEOC's Mot. to Strike Portions of Defs.' Reply (ECF, No. 37) and Exhibit 1 of the Reply (ECF, No. 37-1) in its Entirety and to Bar any Future Submission of Anything Said or Done During Conciliation and EEOC's Mot. to Seal ("Pl.'s Mot. to Seal and Strike"), ECF No. 39;
- Defs.' Mem. of Points and Authorities in Opp'n to the EEOC's Mot. to Strike Portions of Defs.' Reply, their Exhibit 1 in its Entirety, to Bar any Future Submissions of Anything Said or Done During Conciliation and Mot. to Seal ("Defs.' Opp'n to Pl.'s Mot. to Seal and Strike"), ECF No. 41; and
- EEOC's Omnibus Reply in further Support of its Mot. for Leave to File a Sur-Reply, Mot. to Strike, and Mot. to Seal ("Pl.'s Omnibus Reply"), ECF No. 42.

Defendants to engage in informal conciliation with the EEOC to eliminate voluntarily the violations and to provide appropriate relief. *Id.* at ¶ 10. The EEOC then alleges that it engaged in communications with Defendants in an attempt to voluntarily remedy the violations, but the EEOC was unable to secure a conciliation agreement. *Id.* at ¶¶ 11-12. On July 23, 2018, the EEOC issued to Defendants a Notice of Failure of Conciliation. *Id.* at ¶ 13. And, on September 26, 2018, the EEOC filed this lawsuit.

As evidence of sex discrimination and retaliation, the Amended Complaint includes allegations involving Claimant Cruz-Gomez. The EEOC alleges that Claimant Cruz-Gomez was hired as a food preparer at Defendants' H Street restaurant, owned by Sol Mexican Grill, in April 2016. *Id.* at ¶ 15. Claimant Cruz-Gomez was supervised by Manager Maycol Salina. *Id.* at ¶ 16. The EEOC alleges that shortly after she was hired and continuing through her termination in June 2017, Claimant Cruz-Gomez was subject to harassment due to her sex. *Id.* at ¶ 17. This harassment included sexual comments, unwelcome touching, as well as retaliation when Claimant Cruz-Gomez complained about the harassment. *Id.*

The Amended Complaint also includes allegations involving Claimant Leiva. Claimant Leiva was also hired as a food preparer at the H Street restaurant, owned by Sol Mexican Grill, and was supervised by Manager Salina. *Id.* at ¶¶ 18-19. The EEOC alleges that from approximately September 2016 through April 2017, Defendants subjected Claimant Leiva to harassment due to her sex. *Id.* at ¶ 17. This harassment included sexual comments and unwelcome touching as well as retaliation for complaining about the harassment. *Id.* The EEOC alleges that Claimant Leiva was transferred from the H Street location in April 2017 and was ultimately terminated in May 2017. In November 2017, Claimant Leiva was hired at Defendants' George Washington University restaurant, owned by Sol Mexican Grill II. *Id.* The EEOC claims

that when Claimant Leiva reported the harassment which had previously occurred at the H Street restaurant, her hours at the George Washington University restaurant were reduced and she was ultimately terminated. *Id.*

## II. LEGAL STANDARD

In their partial Motion to Dismiss, Defendants cite the standard for dismissal under both Federal Rules of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim for which relief may be granted. However, Defendants fail to specify which of their arguments relate to this Court's jurisdiction to consider the EEOC's Amended Complaint. Lacking specificity from Defendants, the Court assumes that Defendants intended to challenge the Court's jurisdiction based on an alleged failure to exhaust the EEOC charge of discrimination filing requirements. Specifically, in their Motion, Defendants argue that Claimant Cruz-Gomez's charge of discrimination failed to include "similarly situated female employees," claims pertaining to Claimant Leiva, and any charges against Sol Mexican Grill II. As such, Defendants contend that the EEOC's claims relating to similarly situated female employees, Claimant Leiva, and Sol Mexican Grill II should be dismissed for failure to exhaust.

However, Defendants' claims pertaining to administrative exhaustion do not go to the Court's jurisdiction to hear the EEOC's Amended Complaint. Defendants' arguments for dismissal are based largely on the EEOC charge filing requirements for private litigants. Even assuming, for purposes of deciding the standard of review, that these requirements apply to the EEOC, any failure to comply with charge filing or investigation requirements would not relate to this Court's jurisdiction. As the United States Supreme Court has explained, courts should be reluctant to place jurisdictional limitations on statutory requirements that do not refer to jurisdiction. *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849-50 (2019). And,

Defendants cite no references to this Court's jurisdiction in the charge filing and investigation requirements. Relatedly, courts have regularly held that requirements relating to charge filing and processing are not jurisdictional in nature. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982) (finding that the statutory time limit for filing a charge with the EEOC is not jurisdictional); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006) (finding that the "employer" requirement of Title VII is not jurisdictional); *Fort Bend*, 139 S. Ct. at 1850 (finding the Title VII charge filing requirement to be not jurisdictional).

In their Reply in support of their partial Motion to Dismiss, Defendants fail to address the EEOC's argument that Defendants' Motion does not raise jurisdictional arguments and should be evaluated pursuant to only Rule 12(b)(6). Based on the Court's above reasoning, as well as Defendants' apparent concession, the Court concludes that Defendants do not raise jurisdictional arguments and that Defendants' arguments in support of dismissal should be analyzed pursuant to Rule 12(b)(6).

According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

# III. DISCUSSION

The Court begins by addressing two preliminary issues. First, the Court will address Plaintiff's Motion for Leave to File a Sur-Reply. Second, the Court will address whether or not Defendants' partial Motion to Dismiss is procedurally proper. After addressing these initial issues, the Court will go on to address the merits of Defendants' partial Motion to Dismiss. In addressing the merits of Defendants' partial Motion to Dismiss, the Court will also resolve the EEOC's Motion to Seal and Strike portions of Defendants' Reply in support of its partial Motion to Dismiss.

## A. The EEOC's Motion for Leave to File a Sur-Reply

As an initial issue, the Court has considered the EEOC's Motion for Leave to File a Sur-Reply to Defendants' Reply to EEOC's Opposition to Defendants' Partial Motion to Dismiss. ECF No. 38. In its Motion, the EEOC explains that the Sur-Reply is necessary in order to respond to three new arguments which Defendants allegedly raised for the first time in their Reply in support of their partial Motion to Dismiss. "Surreplies are generally disfavored." *Hall v. U.S. Dep't of Labor*, No. 18-5100, 2018 WL 5919255, at *1 (Nov. 1, 2018 D.C. Cir.). Whether or not to grant leave to file a Sur-Reply is left to the discretion of the district court. *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). A court considers "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Id.*

Here, the court need not decide whether or not Defendants' Reply in fact raises new arguments. Instead, the Court finds that the EEOC's proposed Sur-Reply would not be helpful to the Court's resolution of the pending partial Motion to Dismiss. Without the assistance of a Sur-

Reply, the merits of any potentially new arguments raised in Defendants' Reply and addressed in the EEOC's Sur-Reply are evident to the Court. Additionally, the Court finds that the EEOC is not unduly prejudiced by the Court's refusal to grant leave to file a Sur-Reply. Even without relying on the arguments raised in the EEOC's proposed Sur-Reply, the Court denies Defendants' partial Motion to Dismiss. For these reasons, the Court DENIES the EEOC's [38] Motion for Leave to File a Sur-Reply.

**B. Timing of Defendants' Partial Motion to Dismiss**

As a second initial issue, the Court addresses the EEOC's argument that Defendants' partial Motion to Dismiss the Amended Complaint is procedurally improper. In the Amended Complaint, the EEOC only removed from the original Complaint the claims of one claimant. As such, the EEOC contends that Defendants could have, and should have, made their arguments in favor of dismissal in response to the EEOC's initial Complaint, rather than waiting for the Amended Complaint. By raising arguments for dismissal that could have been raised in response to the initial Complaint, the EEOC contends that Defendants' partial Motion to Dismiss the Amended Complaint is procedurally improper and should be denied.

Pursuant to Federal Rule of Civil Procedure 12(b), a motion asserting Defendants' arguments "must be made before pleading if a responsive pleading is allowed." However, as the EEOC acknowledges, this Rule is complicated by the filing of the Amended Complaint. An argument in favor of dismissal for failure to state a claim upon which relief can be granted may be raised "in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2)(A). One such pleading allowed under Rule 7(a) is "an answer to a complaint." Fed. R. Civ. P. 7(a)(2). Here, Defendants responded to the EEOC's Original Complaint with an Answer asserting the defense that "[t]he complaint fails to state a claim upon which relief can be granted." Answer,

ECF No. 8. And, Defendants responded to the Amended Complaint with a partial Motion to Dismiss. ECF No. 35. It is not clear to the Court that such a motion is procedurally improper, and the EEOC cites no caselaw from within this Circuit holding such a response to be procedurally improper.

However, the Court need not resolve this procedural dispute. Regardless of whether or not proper procedures were followed in filing this Motion, Defendants present no argument which supports the dismissal of any claims in the EEOC's Amended Complaint. Accordingly, for purposes of this Memorandum Opinion, the Court assumes without deciding that Defendants' Motion is procedurally proper.

## C. Dismissal of the Class of Similarly Situated Female Employees and Claimant Leiva

Defendants contend that the Court should dismiss the EEOC's claims against "a class of similarly situated female employees." Defendants have two arguments as to why the Court should dismiss these claims. First, Defendants argue that such claims constitute improper class action claims. According to Defendants, the EEOC voluntarily abandoned any class action claims and has also failed to comply with Federal Rule of Civil Procedure 23, and the companion local rule, on class action requirements. Second, Defendants also contend that claims on behalf of similarly situated employees have not been administratively exhausted because Claimant Cruz-Gomez did not include such a class in her charge of discrimination before the EEOC. On this ground, Defendants also object to any claims on behalf of Claimant Leiva. According to Defendants, Claimant Leiva never sought to exhaust her administrative remedies by filing a charge of discrimination with the EEOC. And, Claimant Leiva's claims are not sufficiently similar to Claimant Cruz-Gomez's claims to be exhausted by Claim Cruz-Gomez's charge. The Court is persuaded by neither argument.

First, Defendants argue that the EEOC's claims asserted on behalf of a class of similarly situated female employees should be dismissed as improper class action claims. However, Defendants' argument rests on the mistaken premise that the EEOC is acting as a private litigant. A private litigant may bring Title VII discrimination claims only on his or her own behalf. If a private litigant seeks relief on behalf of a group of similarly situated employees, the private litigant must comply with Rule 23's class action requirements. But, the EEOC is not a private litigant.

Pursuant to Title VII, the EEOC may seek relief on behalf of a group of individuals who have been discriminated against. *See Gen. Tel. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 324 (1980) (explaining that the EEOC may bring claims "securing relief for a group of aggrieved individuals"). And, when the EEOC seeks relief on behalf of a group of aggrieved individuals, the EEOC is not bound by the strictures of Rule 23. *Id.* (explaining that the EEOC's ability to bring claims on behalf of a group "is in no way dependent upon Rule 23"); *Hartman v. Duffey*, 19 F.3d 1459, 1468 (D.C. Cir. 1994) ("When the EEOC seeks classwide relief under Title VII on behalf of individuals discriminated against by a private employer, the conditions of Rule 23 need not be met in order to maintain the suit as a class action."). Defendants fail to cite any case in which the EEOC, when bringing claims on behalf of a group of individuals, was held to the requirements of Rule 23. For this same reason, the EEOC did not abandon its claims on behalf of a class of similarly situated female employees when it denied that it was seeking class certification at the Initial Status Conference. Because Rule 23 does not apply to claims brought by the EEOC, the Court will not dismiss the EEOC's claims asserted on behalf of a class of similarly situated female employees on this ground.

Second, Defendants argue that the claims on behalf of a class of similarly situated female employees and Claimant Leiva should be dismissed because these claims were not exhausted by Claimant Cruz-Gomez's charge of discrimination to the EEOC. Again, Defendants' argument rests on the mistaken premise that the EEOC is bound by the same restrictions as a private litigant. While Defendants are correct that individuals cannot ordinarily bring Title VII discrimination claims without first exhausting their administrative remedies, Defendants fail to acknowledge that this suit is not brought by an individual. Instead, this suit is brought directly by the EEOC, and Defendants cite no authority establishing that the EEOC is bound by the same administrative exhaustion requirements as an individual litigant.

Congress charged the EEOC with the mission of "prevent[ing] any person from engaging in any unlawful employment practice." 42 U.S.C. § 2000e-5(a). Pursuant to this mission, the EEOC can bring civil enforcement actions against employers accused of discrimination. If an employee makes of charge of discrimination to the EEOC, then the EEOC institutes an investigation. 42 U.S.C. § 2000e-5(b). While the initiation of the investigation is based on the employee's charge of discrimination, the EEOC is not limited in its investigation by the allegations in the charge. Instead, "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Gen. Tel.*, 446 U.S. at 331. The "original charge is sufficient to support action by the EEOC as well as a civil suit under the Act for any discrimination stated in the charge itself or developed in the course of a reasonable investigation of the charge." *EEOC v. Gen. Elec., Co.,* 532 F.2d 359, 366 (1976).

Here, the EEOC initiated an investigation of Defendants based on Claimant Cruz-Gomez's charge of discrimination. During the investigation of Claimant Cruz-Gomez's claims, the EEOC uncovered alleged evidence of sexual harassment and retaliation against a class of

similarly situated females, including Claimant Leiva. Nowhere do Defendants allege that the EEOC's investigation was unreasonable in scope. Following the investigation, the EEOC "issued to Defendants a Letter of Determination finding reasonable cause to believe that it violated Title VII by subjecting Cruz-Gomez and a class of similarly situated female employees, to harassment based on their sex and retaliation." Am. Compl., ECF No. 34, ¶ 10. Because the EEOC allegedly uncovered evidence of wide-spread harassment and retaliation while investigating Claimant Cruz-Gomez's charge, the EEOC is permitted to bring claims on behalf of those affected, regardless of whether or not those affected would be prohibited from bringing their own Title VII claims due to a failure to exhaust. *See EEOC v. Kronos Inc.*, 620 F.3d 287, 297 (3d Cir. 2010) ("Once the EEOC begins an investigation, it is not required to ignore facts that support additional claims of discrimination if it uncovers such evidence during the course of a reasonable investigation of the charge."); *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1205 (9th Cir. 2016) (explaining that "an EEOC civil suit may allege any discrimination stated in the charge itself or discovered in the course of a reasonable investigation of that charge" (internal quotation marks omitted)). Accordingly, the Court will not dismiss the EEOC's claims on behalf of a class of similarly situated female employees and Claimant Leiva due to their failures to file independent charges of discrimination.

In a final attempt to obtain a dismissal of these claims, in their Reply, Defendants contend that "the EEOC is pursuing claims that it knows are not viable." Defs.' Reply, ECF No. 37, 5. According to Defendants, the EEOC knows that there are no similarly situated female employees who have been subject to discrimination or retaliation. Specifically, Defendants argue that, because Claimants Cruz-Gomez and Leiva were allegedly subject to discrimination by Manager Salinas, who has been fired, no other similarly situated female employees will emerge.

The Court is unpersuaded by Defendants' argument. Defendants provide no support for their argument that the EEOC knows that its claims are invalid. Instead, Defendants appear to attack the EEOC's claims based on Defendants' subjective estimation of the EEOC's evidence. However, this style of attack is not useful in resolving Defendants' partial Motion to Dismiss. Based on a reasonable investigation, the EEOC has made plausible allegations that similarly situated female employees faced sex discrimination and retaliation in Defendants' restaurants. In the face of plausible allegations, it is not for Defendants to argue that the EEOC knows its claims will ultimately fail. Instead, based on the plausible allegations in the Amended Complaint, the EEOC is entitled to discovery in order to obtain evidence that similarly situated female employees faced discrimination and retaliation. If discovery does not produce sufficient evidence to support the EEOC's claims, then Defendants may move for summary judgment on those claims if appropriate.

For the reasons provided above, the Court DENIES Defendants' Motion to dismiss the EEOC's claims brought on behalf of a similarly situated class of female employees and Claimant Leiva.

**D. Dismissal of Sol Mexican Grill II**

Defendants further argue that claims against Sol Mexican Grill II must be dismissed because those claims have not been administratively exhausted as Claimant Cruz-Gomez's EEOC charge did not include Sol Mexican Grill II. Defendants are correct that Claimant Cruz-Gomez's EEOC charge did not expressly name Sol Mexican Grill II. However, the omission in Ms. Cruz-Gomez's charge does not prevent the EEOC from bringing claims against Sol Mexican Grill II.

As was previously explained, an EEOC charge is simply a starting point for the EEOC's investigation, which is not restricted by the claims brought in the EEOC charge. The EEOC's flexibility in investigating charges extends to the naming of the employer. While Title VII allows for suit against a party named in an EEOC charge, the naming requirement "was never intended to be rigid, but rather is an integral part of Congress' remedial scheme that insures that parties receive adequate notice and the opportunity to participate in conciliation proceedings before the EEOC." *McManus v. Washington Gas Light Co.*, No. Civ. A. 90-3169, 1991 WL 222345, at *5 (D.D.C. Oct. 15, 1991). Accordingly, there are exceptions to the requirement that a party against whom a Title VII suit is brought be named in the EEOC charge. As this Court has previously explained, "[c]ourts have found that a plaintiff can proceed against a party not named in an EEOC charge when 'they have been given *actual notice* of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC.' *E.E.O.C. v. Metzger*, 824 F. Supp. 1, 4 (D.D.C. 1993) (emphasis added) (citing E*ggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, U.A., 657 F.2d 890, 905 (7th Cir. 1981)). It is also important that the unnamed party be 'given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.' *Eggleston*, 657 F.2d at 905." *Hammel v. Marsh USA Inc.*, 79 F. Supp. 3d 234, 244 (D.D.C. 2015).

First, the Court finds that the EEOC has adequately alleged that Sol Mexican Grill II had notice of the EEOC proceeding and an opportunity to participate in conciliation. The EEOC served Claimant Cruz-Gomez's charge by sending the charge to 1251 H Street, NE. This address is the address of the registered agent for both Sol Mexican Grill and Sol Mexican Grill II. Ex. 1,

ECF No. 36-1.[4]  In the Amended Complaint, the EEOC alleges that it issued "to Defendants" a

Letter of Determination finding reasonable cause to believe that Claimant Cruz-Gomez and a

class of similarly situated employees had been subjected to harassment and retaliation. Am.

Compl., ECF No. 34, ¶ 10. The letter further "invited Defendants to join with the Commission"

in informal conciliation. *Id.* The EEOC states that it engaged in communications with both

Defendants to provide the opportunity to remedy the discrimination, and when the parties were

unable to reach a conciliation agreement, the EEOC issued to both Defendants a Notice of

Failure of Conciliation. *Id.* at ¶¶ 10-13. Accordingly, the EEOC has adequately alleged that both

Defendants, including Sol Mexican Grill II, were aware of the EEOC proceeding and given an

opportunity to participate in conciliation.

 In their Reply in support of their partial Motion to Dismiss, Defendants dispute that they,

along with their counsel, engaged in conciliation discussions with the EEOC. As evidence that no

conciliation discussions occurred, Defendants attach to their Reply an email chain between

Defense counsel and an EEOC representative. Ex. 1, ECF No. 37-1. Defendants do not appear to

argue that the EEOC failed to attempt conciliation. Defendants acknowledge that "the EEOC

made an effort to engage in conciliation discussions with the defendants." Defs.' Opp'n to Pl.'s

Mot. to Strike and Seal, ECF No. 41, 5. However, Defendants contend that those conciliation

discussions never occurred and rely on the email chain as evidence that those discussions did not

occur. Conversely, the EEOC contends that conciliation discussions did take place and that the

---

[4] The Court can consider this attachment in deciding Defendants' partial Motion to Dismiss because the attachment contains the business registration information for Defendants which is a matter of public record. *See Covad Comm. V. Bell At. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (explaining that, on a motion to dismiss, courts may take notice of facts on the public record).

email chain containing those discussions should be stricken from the record because the information is statutorily protected.

The Court begins by resolving the issue as to whether or not conciliation discussions occurred. In the Amended Complaint, the EEOC alleges that on July 3, 2018, the EEOC issued to both Defendants a Letter of Determination finding cause to believe that discrimination had occurred. The letter invited Defendants to join the EEOC in conciliation "to endeavor to eliminate the discriminatory practices and provide appropriate relief." Am. Compl., ECF No. 34, ¶ 10. The EEOC then states that it "engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination." *Id.* at ¶ 11. However, the EEOC explains that it "was unable to secure from Defendants a conciliation agreement acceptable to the Commission" and so it issued a Notice of Failure of Conciliation. *Id.* at ¶¶ 12-13.

Based on these allegations, the Court finds that the EEOC met its statutory obligations to conciliate with both Defendants. Pursuant to 42 U.S.C. § 2000e-5(b), when "the Commission determine[d] after [its] investigation that there [was] reasonable cause to believe that the charge is true," the EEOC was obligated to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." The EEOC's obligation to engage in conciliation is open-ended and flexible. Here, the EEOC provided Defendants with a Letter of Determination finding reasonable cause to believe that Claimant Cruz-Gomez and a class of similarly situated females had been harassed and retaliated against by Defendants. The EEOC then engaged in communications with Defendants to attempt to remedy voluntarily the violations described in the letter. Defendants cite no statute or caselaw suggesting that more was required to qualify as conciliation.

Moreover, the Court's review as to the specifics of the conciliation process is circumscribed. While "a reviewing court must ensure that the EEOC complied with statutory conciliation requirements at least to the degree that it communicated to the employer that an unlawful employment practice had been alleged and [that the EEOC had] engaged the employer in some form of discussion," the "court may not do a 'deep dive into the conciliation process.'" *Ryskamp v. Comm'r of IRS*, 797 F.3d 1142, 1149-50 (D.C. Cir. 2015) (quoting *Mach Mining, LLC*, 135 S. Ct. 1645, 1653 (2015)). The Commission has "extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case." *Mach Mining, LLC*, 135 S. Ct. at 1649. Again, in this case, the EEOC communicated through a Letter of Determination to Defendants that violations had been alleged and found to be believable. And, the EEOC then attempted to resolve those violations through discussions, which ultimately failed. As such, the EEOC has properly alleged that conciliation discussions took place with both Defendants.

Next, the Court must determine whether or not the emails attached to and included in Defendants' Reply are improper evidence of those conciliation discussions. Pursuant to statute, "[n]othing said or done during and as part of such informal [conciliation] endeavors may be made public … or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). The prohibition on the use of conciliation information applies to both the complainant the employer. *Mach Mining*, 135 S. Ct. at 1655. Prohibiting the use of conciliation information promotes candor in discussions which, in turn, increases the likelihood of voluntary resolution of violations. *Id.*

Here, the Court concludes that the email chain attachment as well as certain information referencing the email chain attachment in Defendants' Reply was improper conciliation

evidence. In making this determination, the Court will not divulge the substance of the conciliation discussions. However, on its review, the Court finds that the email chain between Defense counsel and the EEOC revealed things "said or done during and as part of such informal [conciliation] endeavors." 42 U.S.C. § 2000e-5(b).

Defendants concede that the discussions contained in the emails occurred after receiving the Letter of Determination and Conciliation Agreement. However, Defendants insist that the emails are not evidence of conciliation because Defendants rejected the EEOC's offer of conciliation. Defendants' argument is misguided. After providing Defendants with notice of the charges against them through the Letter of Determination and Conciliation Agreement, the EEOC afforded Defendants an opportunity to voluntarily remedy the violations. Any discussions pertaining to this opportunity for voluntary compliance are evidence of the conciliation which occurred. The fact that the conciliation was ultimately unsuccessful and that Defendants declined to engage in further discussions is not relevant to this analysis. The EEOC's offer for Defendants to voluntarily remedy the violations, and any discussions relating to that offer, including a request for clarification or a refusal, constitute improper evidence of the conciliation endeavor.

Finally, after determining that conciliation occurred and that Defendants' Reply and email exhibit contain improper evidence of that conciliation, the Court must decide how to remedy the disclosure. Again, pursuant to statute, "[n]othing said or done during and as a part of such informal [conciliation] endeavors may be made public … or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. § 2000e-5(b). It is undisputed that Defendants did not obtain the complainant's consent prior to using the email chain, containing conciliation discussions, as evidence in their Reply in support of their partial Motion to Dismiss.

The Court finds that Defendants violation of the disclosure prohibition in 42 U.S.C. §

2000e-5(b) shall result in such information being stricken from the pleadings and sealed so that it

is not accessible to the public. In *Mach Mining*, the United States Supreme Court explained that

by refusing to strike from the record descriptions of the conciliation process, the district court

had "failed to give effect to the law's non-disclosure provision. And in so doing, the court

undermined the conciliation process itself, because confidentiality promotes candor in

discussions and thereby enhances the prospects for agreement." 135 S. Ct. at 1655. In

determining that the conciliation evidence should have been stricken, the Court did not reference

Federal Rule of Civil Procedure 12(f), which relates to striking material from pleadings. Instead,

the material was stricken because it was protected by 42 U.S.C. § 2000e-5(b). *See EEOC v.*

*Phase 2 Investments, Inc.*, No. JKB-17-2463, 2018 WL 826526, at *8 (D. Md. Feb. 12, 2018)

(explaining that a Fed. R. Civ. P. 12(f) analysis is not required for striking information protected

by 42 U.S.C. § 2000e-5(b)).

Accordingly, because the Court has already determined that the information contained in

Defendants' Reply in support of their partial Motion to Dismiss and in their email chain exhibit

is protected by 42 U.S.C. § 2000e-5(b), the Court GRANTS the EEOC's Motion to Strike and

Seal. Specifically, the Court STRIKES Defendants' Exhibit 1 to their Reply. ECF No. 37-1. The

Court further STRIKES from Defendants' Reply the text contained under the heading "Alleged

Conciliation," starting on page 2, line 18 with "The only communications," and ending on page

3, line 3 just before the sentence beginning "There were never . . .." The Court further STRIKES

the remaining portion of the sentence, starting on page 7, line 9, beginning with the word

"mentioning" (the offending portion begins on line 10) and the sentence starting on page 7, line

13 and ending on line 15 that starts with "As noted above" in its entirety. The Court further

ORDERS that Defendants' Reply and Exhibit 1 remain SEALED so that the stricken information is not publicly accessible.[5] Finally, the Court ORDERS that Defendants not further submit evidence of anything said or done during the conciliation process.

The Court now returns to the issue of whether or not Sol Mexican Grill II should be dismissed based on its omission from Claimant Cruz-Gomez's charge of discrimination. In addition to finding that Sol Mexican Grill II had notice of the charge and an opportunity to participate in conciliation, the Court further finds that the EEOC has adequately alleged that Defendants have a common identity of interest. In the Amended Complaint, the EEOC explains that "Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations." Am. Compl., ECF No. 34, ¶ 7. For example, Defendants share a common business agent, Fernando Positgo, located at the same address. Ex. 1, ECF No. 36-1. Defendants point out that Sol Mexican Grill and Sol Mexican Grill II have different physical addresses and different dates of organization. However, it is not disputed that Sol Mexican Grill and Sol Mexican Grill II are restaurants at different physical locations. Despite the different physical addresses and dates of organization, the EEOC has still sufficiently alleged that Defendants have a common identity of interest.

As further evidence of Defendants' common identity of interest, the EEOC alleges that Claimant Leiva was originally employed at Defendants' H Street restaurant, owned by Sol Mexican Grill. *Id.* at ¶ 18. Claimant Leiva was later employed at Defendants' George

---

[5] The Court notes that while Defendants do not agree that the Reply and the Exhibit contain confidential conciliation information, Defendants "take no particular exception" to the Court placing these documents under seal. Defs.' Opp'n to Pl.'s Mot. to Strike and Seal, ECF No. 41, 6 n.3.

Washington University restaurant, owned by Sol Mexican Grill II. *Id.* at ¶ 20(i). While at the George Washington University location, Claimant Leiva reported that she had been subjected to discrimination while working for the H Street location, owned by Sol Mexican Grill. *Id.* at ¶ 20(j). Shortly after making this report, the EEOC alleges that Claimant Leiva was retaliated against at the George Washington University restaurant, owned by Sol Mexican Grill II. *Id.* at ¶ 20(k)-(m). Based on the allegations that Sol Mexican Grill II retaliated against Claimant Leiva for reporting harassment that occurred at a restaurant owned by Sol Mexican Grill, the Court finds that the EEOC has alleged that Defendants have a common identity of interests.

In a final attempt to obtain dismissal of the claims against Sol Mexican Grill II, in their Reply, Defendants contend that "the EEOC knows that no viable claim exists as to Sol Mexican Grill II." Defs.' Reply, ECF No. 37, 6. Specifically, Defendants attack the EEOC's factual allegations as they relate to Claimant Leiva. Defendants contend that Claimant Leiva was not terminated from her position and that her hours were not reduced. As evidence, Defendants attach pay records purporting to show the number of hours worked by Claimant Leiva. *See* Ex. 2, ECF No. 37-2.

Defendants' argument is not of the type that the Court will consider at the Motion to Dismiss stage. On a Motion to Dismiss, the Court must accept the allegations in the EEOC's Amended Complaint to be true. *Ralls Corp.*, 758 F.3d at 315. The EEOC has alleged that Claimant Leiva's work hours were reduced, and that she was ultimately terminated, in retaliation for reporting harassment. Am. Compl., ECF No. 34, ¶ 20(j)-(m). At this stage in the litigation, the Court accepts these allegations to be true and cannot consider Defendants' attached payroll records which fall outside the four corners of the Amended Complaint. Defendants' attempt to use documentary evidence to overcome the EEOC's allegations illustrates why Motions to

Dismiss are typically heard prior to the parties engaging in discovery. At the Motion to Dismiss stage, the Court is constrained by the four corners of the Amended Complaint.

For the reasons provided above, the Court DENIES Defendants' Motion to dismiss the EEOC's claims brought against Sol Mexican Grill II.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' partial Motion to Dismiss. Because the EEOC's claims are not brought by a private litigant, the EEOC was not required to comply with class action requirements and the claimants on behalf of whom the EEOC brings claims were not required to exhaust their administrative remedies. Additionally, even though Sol Mexican Grill II was not named in the originating charge of discrimination, it remains a proper Defendant because it had notice of the EEOC proceedings, an opportunity to participate in conciliation, and an identity of interest with the named party.

The Court further DENIES the EEOC's Motion for Leave to File a Sur-Reply. The arguments in the EEOC's Sur-Reply are not necessary to the Court's resolution of Defendants' partial Motion to Dismiss, and the EEOC faces no prejudice from a denial.

Finally, the Court GRANTS the EEOC's Motion to Strike and to Seal certain sections in Defendants' Reply in support of its partial Motion to Dismiss. The Court finds that Defendants' Reply and attached exhibit contain improper evidence of what was said and done during the EEOC's conciliation with Defendants. By statute, such information cannot be used as evidence in this lawsuit. Defendants' Reply in Support of its partial Motion to Dismiss remains sealed at this point. By DECEMBER 3, 2019, Defendants shall file a redacted version of the Reply omitting the stricken portions relating to conciliation.

An appropriate Order accompanies this Memorandum Opinion.

                                            /s/
                                    _____
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge